## City of Fairfield v. Belle Hornick.

1. CITIES AND VILLAGES—*Neglect to Repair Walks—Liability.*—If a defective condition of a sidewalk is shown to have existed for a length of time sufficient to enable the authorities, by the exercise of reasonable care and diligence, to discover and remedy the defect by proper repairs,

and the authorities fail to do so, the city is guilty of negligence, creat-
ing a liability to respond in damages.

2. Same—*Defective Walks—Constructive Notice.*—Where defects in
the sidewalk are not latent or hidden in their character, the city will be
chargeable with constructive notice of them.

**Memorandum.**—Action for personal injuries. Appeal from the Cir-
cuit Court of Wayne County; the Hon. Silas Z. Landes, Judge, pre-
siding. Heard in this court at the February term, 1894, and affirmed.
Opinion filed June 23, 1894.

The opinion states the case.

Appellant's Brief, Creighton & Kramer, Attorneys.

The city not being the author of this defect, but it being
caused by the natural decay that would attend all material
ordinarily used in the construction of sidewalks, it must
have notice, either actual or constructive. City of Chicago
v. Stearns, 105 Ill. 554; City of Chicago v. McCarthy, 75 Ill.
602; City of Springfield v. Doyle, 76 Ill. 202; City of Joliet
v. Gerber, 21 Ill. App. 622; Chatsworth v. Ward, 10 Brad.
75; City of Chicago v. Watson, 6 Brad. 344.

A city is not an insurer of safety, nor required to do all that
human ingenuity can invent to prevent injury, but only rea-
sonable care and diligence. City of Centralia v. Kraus, 64
Ill. 19; City of Chicago v. William W. Gavin, 1 Brad. 302;
City of Aurora v. Joseph Hillman, 90 Ill. 61; City of Au-
rora v. Pulfer, 56 Ill. 270; City of Macomb v. Smithers, 6
Brad. 470; City of Chicago v. McGiven, 78 Ill. 357; John-
son v. City of Chicago, 24 Ill. App. 26; Village of Mansfield
v. Moore, 124 Ill. 133.

Appellee's Brief, Funkhouser & Holt and Hanna &
Hanna, Attorneys.

Actual notice of a defect in a sidewalk is not necessary.
If the defect had existed for such a length of time that the
city, by reasonable care and diligence, could have discovered
it, then the city will be liable for all damages occasioned
thereby. City of Aurora v. Hillman, 90 Ill. 62; City of
Aurora v. Dale, 90 Ill. 46.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit to recover damages for personal injuries, received from a fall on a sidewalk in said city of Fairfield, occasioned by the negligence of defendant, set out and averred in the declaration, containing two counts, one charging said sidewalk was constructed out of defective material, and in an unsafe manner, the other charging that appellant suffered said sidewalk to be and remain in an unsafe, defective and dangerous condition. The jury found defendant guilty, and assessed plaintiff's damages at $350. Judgment for this amount and costs was entered on the verdict. In the printed argument filed on behalf of appellant, the following are the reasons urged for reversal:

1st. The evidence does not show that the fall produced the injury, but, to the contrary, shows that it was a carbuncle or an abcess resulting from some other cause.

2d. Appellant did not have actual notice of defect in the walk.

3d. The defect was latent or hidden in its character, could only be discovered by stepping upon the middle plank, and, being of this character, had not existed long enough to charge the city with negligence, when considered with the evidence showing care and caution on the part of the city.

4th. The walk was safely constructed in the beginning, of new, sound, white oak, and had so continued for at least six years.

5th. Appellee knew of the defect and was not using due care and caution herself.

An examination of the evidence in the record satisfies us that the appellee's fall was caused by the defective condition of the sidewalk, as charged, and such fall resulted in and produced the personal injury complained of. Actual notice of this defective and dangerous condition of the walk was not necessary to be proven. If such condition was shown by the evidence to have existed for a length of time sufficient to enable the city authorities, by the exercise of reasonable care and diligence to discover and remedy the defect by

proper repairs, and the said authorities failed to do so, the city was guilty of negligence, creating liability to respond in damages for the personal injuries to appellee thereby occasioned. Such constructive notice to the city, we think, was established by the evidence. Furthermore the defects in the sidewalk were not latent or hidden in their character as claimed by appellant, but could have been easily discovered by a reasonably careful examination. The jury were also justified by the evidence in finding defective material was used in the sidewalk when first constructed, and in finding appellee was not guilty of contributory negligence barring her recovery. The only remaining reason for reversal urged on behalf of appellant, is the giving instructions for appellee and refusing some asked for by appellant. The instructions do not appear in the printed abstract or argument, and we decline to search the record for them. We discover no sufficient reason for reversing the judgment and it is affirmed.